**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PI-NET INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 12-355-RGA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CITIZENS FINANCIAL GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF CITIZENS FINANCIAL GROUP, INC.'S
MOTION TO STAY**

OF COUNSEL:

James R. Klaiber
Benjamin K. Semel
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036-6569
Tel: (212) 421-4100

Joseph M. Beauchamp
JONES DAY
717 Texas, Suite 330
Houston, TX 77002
Tel: (832) 239-3939

Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

Daniel T. O'Brien
JONES DAY
2727 N. Harwood Street
Dallas, TX 75201
Tel: (214) 220-3939

Dated: April 24, 2013
1103681 / 39024

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant*
*Citizens Financial Group, Inc.*

**TABLE OF CONTENTS**

I.      INTRODUCTION ..........................................................................................1

II.     SUMMARY OF ARGMENT ....................................................................1

III.    CONCISE STATEMENT OF FACTS .......................................................3

IV.     ARGUMENT ...............................................................................................5

      A.      The Court Should Stay Proceedings Pending CBM Review................................5

            1.      A Stay is Appropriate Because CBM Review Will Simplify—or Eliminate—Issues for Trial. .....................................................6

            2.      A Stay Is Appropriate Because Discovery Is Not Complete, and Trial Is More than a Year Away.........................................9

            3.      A Stay Will Not Unduly Prejudice Pi-Net or Present a Clear Tactical Advantage to Citizens. ..........................................10

            4.      A Stay Will Reduce the Burden of Litigation on the Parties and the Court. .....................................................................11

      B.      Additionally, the Court Should Stay Proceedings Pending *Inter Partes* Review.................................................................12

            1.      *Inter Partes* Review Will Further Simplify or Eliminate Issues for Trial. ...............................................................13

            2.      Discovery Is Not Complete and Trial Is More than a Year Away. ..........14

            3.      A Stay Will Not Cause Undue Prejudice to Pi-Net..............................15

V.      CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

CASES

**Pages**

*CVI/Beta Ventures, Inc. v. Tura LP*,
　112 F.3d 1146 (Fed. Cir. 1997)...................................................................................8, 14

*Gioello Enters. Ltd. v. Mattel, Inc.*,
　C.A. No. 99-375, 2001 U.S. Dist. LEXIS 26158 (D. Del. Jan. 29, 2001).......................10, 14

*Gould v. Control Laser Corp.*,
　705 F.2d 1340 (Fed. Cir. 1983)..............................................................................6, 8, 14

*Insituform Techs., Inc. v. Liqui-Force Servs., Inc.*,
　No. 08-cv-11916, 2009 U.S. Dist. LEXIS 44116 (E.D. Mich. May 26, 2009) .....................11

*Markets-Alert Pty. Ltd. v. Bloomberg Finc. L.P.*,
　C.A. No. 12-780, 2013 U.S. Dist. LEXIS 15300 (D. Del. Feb. 5, 2013)........................Passim

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
　C.A. No. 12-662, 2013 U.S. Dist. LEXIS 13081 (D. Del. Jan. 31, 2013).................11, 12, 13

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
　2003 WL 21105073 (D. Del. May 14, 2003).........................................................................6

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
　No. 12-cv-21, 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 19, 2012) .................7, 12, 14

*Textron Innovations Inc. v. Toro Co.*,
　C.A. No. 05-486, 2007 U.S. Dist. LEXIS 100102 (D. Del. Apr. 25, 2007).................9, 10, 14

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
　C.A. No. 10-503, 2010 U.S. Dist. LEXIS 123493 (D. Del. Nov. 22, 2010) .........................11

STATUTES

35 U.S.C. § 101...........................................................................................................8

35 U.S.C. § 102...........................................................................................................8

35 U.S.C. § 103...........................................................................................................8

35 U.S.C. § 112...........................................................................................................8

35 U.S.C. § 311..........................................................................................................12

35 U.S.C. § 312(a) ........................................................................................................6

35 U.S.C. § 314(a) ..........................................................................................13

35 U.S.C. § 321(b) .............................................................................................8

35 U.S.C. § 324 ..............................................................................................4, 6

35 U.S.C. § 326(a)(11) ...................................................................................4, 11

**OTHER AUTHORITIES**

Pub. L. No. 112-29, § 6(a), 125 Stat. 284, 300, 302 (2011) (to be codified at 35 U.S.C. §§ 314(b), 316(a)(11))................................................................5, 12, 13

Pub. L. No. 112-29, § 18(a)(1), 125 Stat. 284, 329 (2011) ...........................4, 5, 7, 10

77 Fed. Reg. 48,755 ......................................................................................5, 8

77 Fed. Reg. 48,756 ..........................................................................................5

77 Fed. Reg. 48,761 ..........................................................................................8

77 Fed. Reg. 48,762 ..........................................................................................8

77 Fed. Reg. 48,763 ..........................................................................................8

77 Fed. Reg. 48,768 ...................................................................................8, 12, 14

# I.  INTRODUCTION

Defendant Citizens Financial Group ("Citizens") moves to stay this case[1] pending the

Patent Trial and Appeal Board's ("PTAB") review of the validity of the patents-in-suit.  Citizens

brings this motion now, a year after this case was filed, because of two recent developments.

First, as of March 22, 2013, SAP America, Inc. ("SAP") had petitioned for proceedings before

the PTAB challenging the validity of all three patents-in-suit.  Second, under an indemnification

agreement reached at that same time, SAP now controls Citizens' defense in this case.

# II.  SUMMARY OF ARGMENT

The Leahy-Smith America Invents Act ("AIA") created a new, faster procedure for

challenging the validity of patents that claim covered business methods ("CBM review").  The

AIA also established a four-factor test for evaluating motions to stay pending CBM review:  (1)

whether a stay will simplify the issues for trial, (2) whether discovery is complete and whether a

trial date is set, (3) whether a stay would unduly prejudice the nonmoving party, and (4) whether

a stay will reduce the burden of litigation on the parties and on the Court.

The District is familiar with these issues.  In *Markets-Alert Pty. Ltd. v. Bloomberg Finc.*

*L.P.*, C.A. No. 12-780, 2013 U.S. Dist. LEXIS 15300, at *7 (D. Del. Feb. 5, 2013), another

Judge in this District reviewed the AIA's four factor test in light of the legislative history, and

concluded that the Court should deny a stay only based on "'an extraordinary and extremely rare

set of circumstances not contemplated in any of the existing case law.'"  *Id.* at *28 n.14 (quoting

157 Cong. Rec. S1364).  Consequently, when a CBM petition has been filed, "'it is nearly

---

[1] In March 2012, Pi-Net International, Inc. ("Pi-Net") filed eight complaints in this
district against several defendants, including Citizens, alleging infringement of U.S. Patent Nos.
5,987,500 ("the '500 patent"), 8,037,158 ("the '158 patent"), and 8,108,492 ("the '492 patent").
Of these eight suits, four remain pending:  *Pi-Net International Inc. v. Bank of America N.A. , et
al.*, 12-cv-280; *Pi-Net International Inc. v. JPMorgan Chase & Co.*, 12-cv-282; *Pi-Net
International Inc. v. Citizens Financial Group Inc.*, 12-cv-355; and *Pi-Net International Inc. v.
Capital One Financial Corp., et al.*, 12-cv-356.  Citizens brings its motion in this case only.

impossible to imagine a scenario in which a district court would not issue a stay.'" *Id.* at *29 n.14 (quoting 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011)).

On March 22, 2012, SAP filed a petition for CBM review challenging the patentability of the '158 patent. SAP's petition argues five separate grounds for unpatentability, including unpatentable subject matter, obviousness, and indefiniteness. Petition for CBM Review at 19-80, O'Brien Declaration, Ex. A.[2] Even without the general preference in favor of CBM review, all four factors of the AIA test favor a stay as to the '158 patent. **First**, a stay will simplify or eliminate issues for trial because: the PTAB will likely grant a trial in the pending CBM review; the CBM review will likely result in the cancelation or amendment of claims; and even in the unlikely event that claims are not canceled or amended, CBM review will still simplify issues for trial by, *e.g.*, providing the Court with the expert view of the United States Patent and Trademark Office ("PTO"). **Second**, discovery is not complete, and trial is more than a year away. The parties are just beginning claim construction briefing, and the claim construction hearing is nearly two months away. **Third**, a stay will not unduly prejudice Pi-Net because of the rapid timeline that Congress has set for CBM reviews. And, Pi-Net does not compete with Citizens, meaning that should Pi-Net prevail on its infringement claims, Pi-Net can easily be compensated for any delay with future money damages. **Fourth**, a stay will ease the burden on the parties by avoiding the challenge of having to litigate the validity of the '158 patent in two fora at the same time. A stay will also spare the Court from needlessly construing claims that might be canceled, amended, or otherwise have their meanings altered by statements made during the CBM review.

Additionally, the Court should stay the litigation pending the completion of *inter partes* reviews of the '500 and '492 patents. *Inter partes* review is another new, AIA-created

---

[2] Declaration of Daniel T. O'Brien in Support of Citizens' Motion to Stay Proceedings filed contemporaneously herewith.

procedure, available for challenging the validity of non-business-method patents. Courts deciding motions to stay pending *inter partes* review have employed the same three-factor test traditionally used to determine motions to stay pending reexamination: (1) whether a stay will simplify the issues in question, (2) whether discovery is complete and whether a trial date is set, and (3) whether a stay would unduly prejudice the non-moving party. These three factors mirror the first three factors in the statutory test for motions to stay pending CBM review, and the outcome should be the same.

Finally, Citizens has been actively participating in the ongoing claim construction and other proceedings in this case and will continue to do so until its motion to stay is granted. Therefore, to avoid needless duplication of proceedings and additional burden on the Court, assuming the claim construction proceedings do go forward (i.e., the other related cases are not resolved), Citizens agrees to be bound for the purposes of this case with respect to any resulting claim construction orders, as well as by the Court's ruling on the pending motion for summary judgment of invalidity.[3]

## III.    CONCISE STATEMENT OF FACTS

Citizens answered on May 25, 2012. The Court issued a scheduling order on July 17, 2012. A motion for partial summary judgment is pending. Claim construction briefing is in its early stages and will not conclude until May 10, 2013. A claim construction hearing is currently scheduled for June 21, 2013. Fact discovery ends July 12, 2013, and trials for this case and related cases are set to begin on June 2, 2014.

---

[3] Should Pi-Net take any positions in the reexamination proceedings that conflict with its positions taken before the Court, or if any asserted claims are amended or invalidated during the reexaminations, Citizens will plan to inform the Court of such developments upon the stay being lifted, unless Pi-Net or the other defendants do so beforehand.

SAP filed a petition for CBM review on March 22, 2013, challenging the patentability of claims 1-6 and 11 of the '158 patent. Petition for CBM Review at 19-80, O'Brien Declaration, Ex. A. The challenged claims recite methods for transferring funds from one account to another and represent all of the '158 patent claims asserted against Citizens in this litigation. The petition argues five separate grounds for unpatentability, including unpatentable subject matter, obviousness, and indefiniteness. The obviousness grounds rely on five unique prior art references. The PTAB mailed notice of the CBM review to Pi-Net on March 27, 2013, and set the deadline for Pi-Net's preliminary response for June 27, 2013. Notice re CBM Review at 2, O'Brien Declaration, Ex. D. The PTAB must decide whether to institute a CBM Review trial within three months of Pi-Net's preliminary response and must issue its final determination in the case on or before September 27, 2014. *See* 35 U.S.C. §324(c) (Supp. V 2012) (requiring decision to institute within three months of preliminary response); 35 U.S.C. § 326(a)(11) (Supp. V 2012) (requiring final determination within a year of institution).[4]

SAP also filed two petitions for *inter partes* review on March 18, 2013, challenging the patentability of a total of twenty-five claims in the '500 and '492 patents. *See* Petition for *Inter Partes* Review of the '500 Patent at 12-59, O'Brien Declaration, Ex. B; Petition for *Inter Partes* Review of the '492 Patent at 9-57, O'Brien Declaration, Ex. C. The petitions argue a total of eleven grounds for unpatentability, relying on five prior art references. The Petition for *Inter Partes* Review of the '500 Patent argues that claims 1-6, 10-12, 14-17, and 35—all of the claims that Pi-Net asserts against Citizens—are anticipated by two issued patents. The Petition for *Inter Partes* Review of the '492 Patent argues that claims 1-8 and 10-12—again, all of the claims

---

[4] Though Sections 324 and 326 govern post-grant review, they apply to CBM review because, subject to certain exceptions, CBM review "shall be regarded as, and shall employ the standards and procedures of, a post-grant review." AIA, Pub. L. No. 112-29, § 18(a)(1), 125 Stat. 284, 329 (2011). Throughout this brief, any citations to statutes governing post-grant review apply equally to CBM review under the AIA.

asserted against Citizens—are anticipated and/or rendered obvious by three issued patents and two printed publications. The PTAB mailed notices of the *inter partes* review proceedings to Pi-Net on March 20, 2013, and set deadlines for Pi-Net's preliminary responses for June 20, 2013. Notice re *Inter Partes* Review of the '500 Patent at 2, O'Brien Declaration, Ex. E; Notice re *Inter Partes* Review of the '492 Patent at 2, O'Brien Declaration, Ex. F. As with SAP's petition for CBM review, the PTAB must decide whether to institute an *inter partes* review trial within three months of Pi-Net's preliminary response and must issue its final decision by September 20, 2014. *See* AIA, Pub. L. No. 112-29, § 6(a), 125 Stat. 284, 300, 302 (2011) (to be codified at 35 U.S.C. §§ 314(b), 316(a)(11)).

## IV. <u>ARGUMENT</u>

### A. The Court Should Stay Proceedings Pending CBM Review.

Under the AIA, a party may file a petition challenging the patentability of a "covered business method patent." AIA § 18(a)(1). The AIA also established a four-factor test that courts must use in deciding motions to stay pending a CBM review proceeding:[5] (1) "whether a stay . . . will simplify the issues in question and streamline the trial;" (2) "whether discovery is complete and whether a trial date has been set;" (3) "whether a stay . . . would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party;" and (4) "whether a stay . . . will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1).

A Court in this District has recognized that the fourth factor is intended to "ease the movant's task of demonstrating the need for a stay." *Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *7. Indeed, the fourth factor "'places a very heavy thumb on the scale in favor of a

---

[5] "The proceedings begin with the filing of a petition . . . ." Office Patent Trial Practice Guide; Rule, 77 Fed. Reg. 48,755, 48,756 (Aug. 14, 2012), O'Brien Declaration, Ex. G. Thus, a CBM review proceeding exists, and the statutory stay factors apply, upon the filing of the petition. *See id.*

stay being granted.'" *Id.* at *28 n.14 (quoting 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011)). The Court should only deny a stay based on "an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law." *Id.* (internal quotation omitted). Consequently, "it is nearly impossible to imagine a scenario in which a district court would not issue a stay." *Id.* at *29 n.14 (internal quotation omitted).

### 1. A Stay is Appropriate Because CBM Review Will Simplify—or Eliminate—Issues for Trial.

Courts have long recognized that staying litigation pending patent reexamination may streamline issues. As CBM review expands the types of invalidity arguments that may be considered by the PTAB (as opposed to historical patent reexamination proceedings), there is even greater likelihood of simplifying issues for trial. Specifically, CBM review eliminates issues for trial where claims are canceled, and facilitates the trial of any remaining issues. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). "The grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003) (citation and quotes omitted).

### (a) The PTAB is Likely to Initiate a CBM Review Trial.

The AIA created a higher standard for initiating a CBM review trial than the standard previously used to evaluate requests for *inter partes* reexamination.[6] *See* 35 U.S.C. § 324 (Supp. V 2012). Furthermore, to be subject to CBM review, the patent must be a "covered business

---

[6] To initiate a CBM review trial, the petition must "demonstrate that it is more likely than not that at least 1 of the claims challenged in the petition is unpatentable." *See* 35 U.S.C. § 324(a) (Supp. V 2012). The traditional standard for granting *inter partes* reexamination was whether the request raised "a substantial new question of patentability affecting any claim." *See* 35 U.S.C. § 312(a) (2006). The AIA raised the standard during the last year of *inter partes* reexamination's existence to whether the "the request shows that there is a reasonable likelihood that the requester would prevail with respect to at least 1 of the claims challenged." *See* 35 U.S.C. § 312(a) (Supp. V 2012).

method patent." AIA §18(a)(1). Nevertheless, as of April 23, 2013, the PTAB has instituted a

CBM review trial for over 99% of the individual claims challenged in the CBM review petitions

that it has decided.[7]  *See* O'Brien Declaration, Ex. H.

SAP's petition for CBM review asserts that claims 1-6 and 11 of the '158 patent—all

claims asserted against Citizens in this action—are unpatentable on five independent invalidity

grounds.  Petition for CBM Review at 10, O'Brien Declaration, Ex. A.  The petition cites five

different prior art references.  *Id.* at 10-11.  Given its record of granting a trial for over 99% of

claims challenged in CBM review petitions, there is little chance of the PTAB denying trial for

all seven challenged claims, based on all five grounds, and in view of all five unique pieces of

prior art.

> **(b)     CBM Review Will Very Likely Result in Cancelation or
>             Amendment of Claims.**

Between November 29, 1999, and June 30, 2012, only 11% of patents survived *inter

partes* reexamination without having claims canceled or amended.[8]  *Markets-Alert*, 2013 U.S.

Dist. LEXIS 15300, at *12 n.7 (internal citation omitted).  For several reasons, CBM review is

even more likely to result in canceled or amended claims than *inter partes* reexamination.  First,

the higher threshold for institution of a CBM review "probably results in an even higher

likelihood" that claims will be canceled.  *See Semiconductor Energy Lab. Co. v. Chimei Innolux

Corp.*, No. 12-cv-21, 2012 U.S. Dist. LEXIS 186322, at *7 (C.D. Cal. Dec. 19, 2012).  Second,

unlike *inter partes* reexamination, CBM review provides a broad opportunity for canceling

---

[7] Of the thirteen cases that the PTAB has decided, CBM review was denied in only three:
CBM2012-00011, CBM2013-00001, and CBM2013-00003.  *See* O'Brien Declaration, Ex. H.
However, for every claim challenged in those three petitions, the PTAB instituted a CBM review
trial in a separate, corresponding case on the same day:  CBM2012-00010, CBM2013-00002,
and CBM2013-00004, respectively.  *See id.*

[8] *Inter partes* reexamination resulted in cancelation of claims in 42% of cases and
amended claims in 47% of cases.  *Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *12 n.7.

patent claims based on any invalidity ground that could be raised under 35 U.S.C. §§ 101, 102, 103, 112, or 251, except for failure to comply with the best mode requirement. *See* 35 U.S.C. § 321(b) (Supp. V 2012). SAP's petition for CBM review takes full advantage of this feature. In addition to challenging patentability based on Section 103's non-obviousness requirement, SAP asserts that the claims fail to meet Section 101's patentable subject matter requirement and Section 112(b)'s definiteness requirement. Petition for CBM Review at 19-80, O'Brien Declaration, Ex. A. Finally, CBM review provides a more thorough process for examining prior art and determining patentability. *See* Office Patent Trial Practice Guide; Rule, 77 Fed. Reg. 48,755, 48,761-63, 48,768 (Aug. 14, 2012), O'Brien Declaration, Ex. G.

> **(c)** **CBM Review Will Simplify Issues for Trial Even if the Proceeding Does Not Result in Cancelation or Amendment of Claims.**

In the unlikely event that claims are not canceled or amended, the CBM review will still facilitate trial of remaining issues. *See Gould*, 705 F.2d at 1342. Another Court in this District had recognized that staying an infringement action pending CBM review can simplify trial in many ways, including: (1) "all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise;" (2) "the outcome of the administrative review may encourage a settlement without further involvement of the court;" and (3) "issues, defenses, and evidence will be more easily limited in pre-trial conferences." *Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *11 (internal quotation and alteration omitted). Additionally, even if there is no formal amendment of the claims, statements made during the CBM review proceedings can clarify or alter the meaning of terms. *See CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) (holding that statements made during reexamination may commit the patentee to a particular meaning for a patent term).

Because CBM review will simplify, streamline, or completely eliminate the claims related to the '158 patent, this factor weighs heavily in favor of a stay.

### 2. A Stay Is Appropriate Because Discovery Is Not Complete, and Trial Is More than a Year Away.

The second factor, "whether discovery is complete and whether a trial date has been set," weighs in favor of a stay. *See* AIA § 18(b)(1)(B). While the Court and parties may have expended time and resources in this action, "that time . . . cannot be recovered no matter how the litigation proceeds from here." *Textron Innovations Inc. v. Toro Co.*, C.A. No. 05-486, 2007 U.S. Dist. LEXIS 100102, at *5 (D. Del. Apr. 25, 2007). The important question is, "what work remains on the part of the [C]ourt and the parties if the action proceeds?" *See id.* at *5-6.

The parties are just beginning the claim construction briefing process. *See* Stipulated Amendment to Scheduling Order, D.I. 34. In fact, Pi-Net's Opening Claim Construction Brief was just due on April 1, and claim construction briefing is scheduled to conclude on May 10. *See id.* The claim construction hearing is set for June 21, nearly two months away. *See* Scheduling Order, D.I. 17 at ¶ 12. A stay will allow the Court to avoid needlessly construing claims likely to be canceled or amended.

Similarly, the Court has not yet ruled on any substantive motions. Only one such motion is before the Court. *See* Motion for Partial Summary Judgment of Indefiniteness, D.I. 54. And the parties are still briefing that motion. *See* Stipulated Amended Briefing Schedule, D.I. 60. A stay will prevent the Court from having to unnecessarily decide this motion while the PTAB addresses the same issue in the CBM review. *See* Petition for CBM Review at 74-80, O'Brien Declaration, Ex. A.

Finally, discovery is not complete, and trial is more than a year away. *See* Scheduling Order, D.I. 17 at ¶¶ 6, 13, 20. Courts in this District have stayed patent cases that were much

more advanced. *See Textron*, 2007 U.S. Dist. LEXIS 100102, at *1-2, 5 (staying a case pending reexamination two months before trial, when it had been pending for twenty-one months and discovery was closed); *Gioello Enters. Ltd. v. Mattel, Inc.*, C.A. No. 99-375, 2001 U.S. Dist. LEXIS 26158, at *1, 4-5 (D. Del. Jan. 29, 2001) (staying a case pending reexamination less than three months before trial, when it had been pending for nineteen months and discovery was "nearly complete"). Thus, the second factor weighs in favor of stay.

### 3. A Stay Will Not Unduly Prejudice Pi-Net or Present a Clear Tactical Advantage to Citizens.

The third factor also favors a stay because a stay will not unduly prejudice Pi-Net. The delay inherent in "waiting for the [CBM review] to run its course" cannot, "by itself, establish undue prejudice." *Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *23 (internal citations omitted). Instead, the Court must consider "the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship between the parties." *Id.* at *23-24 (internal citations omitted).

The timing for both the petition for CBM review and the stay motion will not unduly prejudice Pi-Net. SAP petitioned for CBM review approximately six months after the proceeding first becoming available.[9] And Citizens' motion for stay comes shortly after SAP filed that petition. The timing of these events is reasonable, does not suggest any dilatory motive, and certainly will not cause undue prejudice to Pi-Net.

The status of the review proceedings also favors a stay. As discussed previously, the PTAB is very likely to institute a CBM review trial based on SAP's petition. Once this occurs,

---

[9] The petition followed Pi-Net's complaint in this case by about a year. However, during the first six months that this action was pending, no party could file a petition for CBM because Section 18(a)(1) of the AIA was not yet effective. *See* AIA § 18(a)(2). That aside, the mere fact that the petition came after this case was pending for a year does not constitute undue prejudice. *See Gioello*, 2001 U.S. Dist. LEXIS 26158, at *1 (granting a stay based on a reexamination request filed after the case was pending for seventeen months).

the PTAB must issue a final decision within one year.[10]  35 U.S.C. § 326(a)(11) (Supp. V 2012).

Compared to reexaminations, which could be expected "to last for up to three years," a stay

pending CBM review will be quite brief.  *See Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No.

12-662, 2013 U.S. Dist. LEXIS 13081, at *6 (D. Del. Jan. 31, 2013).  This short time spent

"waiting for the [CBM review] to run its course" cannot, "by itself, establish undue prejudice."

*Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *23 (internal citations omitted).

Finally, the relationship of the parties weighs heavily in favor of a stay.  "There is no

evidence [that Pi-Net] directly competes with" Citizens.  *See id.* at *25.  In fact, patent

infringement litigation appears to be Pi-Net's primary business.  *See id.*  "Since the parties do not

compete, this factor favors a stay."  *See Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, C.A. No. 10-

503, 2010 U.S. Dist. LEXIS 123493, at *7 (D. Del. Nov. 22, 2010).  Tellingly, Pi-Net "did not

move for a temporary restraining order or a preliminary injunction, which further suggests that a

stay would not be unduly prejudicial."  *See Insituform Techs., Inc. v. Liqui-Force Servs., Inc.*,

No. 08-cv-11916, 2009 U.S. Dist. LEXIS 44116, at *7 (E.D. Mich. May 26, 2009).  Because the

parties lack any competitive relationship, and because Pi-Net's primary business is patent

litigation, Pi-Net "may be compensated through future money damages."  *See Neste Oil*, 2013

U.S. Dist. LEXIS 13081, at *5, 8-9 (internal citation omitted) (finding no undue prejudice and

granting stay where the parties competed in a crowded market and the plaintiff did not seek a

preliminary injunction).  Accordingly, this third factor weighs strongly in favor of a stay.

### 4.    A Stay Will Reduce the Burden of Litigation on the Parties and the Court.

The fourth and final factor is intended to "ease the movant's task of demonstrating the

need for a stay."  *Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *7.  Too often litigation

---

[10] The Director of the PTO may only extend this deadline for good cause, and the extension may only be for up to six months.  35 U.S.C. § 326(a)(11) (Supp. V 2012).

"'grind[s] on while a reexamination is being conducted, forcing the parties to fight in two fora at the same time. This is unacceptable, and would be contrary to the fundamental purpose of . . . provid[ing] a cost-efficient alternative to litigation.'" *Id.* at *9 n.4 (quoting 157 Cong. Rec. S1364).

As this Court and Congress have clearly recognized, a stay will spare the parties from having to simultaneously litigate the validity of the '158 patent in this Court and before the PTAB. *See id.* The burden of litigating both in district court and before the PTAB is much greater than what parties have experienced while litigating in district court and engaging in reexamination because the new AIA proceedings are much more complex. They involve discovery, motion practice, live testimony, and oral argument. Office Patent Trial Practice Guide; Rule, 77 Fed. Reg. at 48,761-63, 48,768, O'Brien Declaration, Ex. G.

Rather than having the parties and the Court (and eventually a jury, if necessary) be burdened with dual-track and duplicative dispute resolution procedures, the Court should stay the case pending CBM review. The fourth statutory factors weigh heavily in favor of a stay.

**B.    Additionally, the Court Should Stay Proceedings Pending *Inter Partes* Review.**

The AIA also created *inter partes* review, a similar procedure for challenging the patentability of patents that do not claim business methods. *See* AIA § 6(a) (to be codified at 35 U.S.C. § 311). In evaluating motions to stay pending *inter partes* review, courts have employed the same three-factor test used for motions to stay pending reexamination. *See Semiconductor Energy Lab.*, 2012 U.S. Dist. LEXIS 186322, at *3-4, n.1. Those three factors are: (1) "whether a stay will simplify the issues in question and trial of the case;" (2) "whether discovery is complete and whether a trial date has been set;" and (3) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Neste Oil*, 2013 U.S. Dist.

LEXIS 13081, at *4. Thus, the three factors for evaluating a motion to stay pending *inter partes* review mirror the first three statutory factors for evaluating a motion to stay pending CBM review. *Compare id. with* AIA § 18(b)(1).

1. **_Inter Partes_ Review Will Further Simplify or Eliminate Issues for Trial.**

For the same reasons that apply to CBM Review, *inter partes* review will simplify issues for trial. First, the PTAB is very likely to initiate *inter partes* review trials. Despite the higher standard for initiating an *inter partes* review trial,[11] the PTAB has granted trials for 89% of petitions decided as of April 23, 2013. *See* O'Brien Declaration, Ex. I. SAP's petitions for *inter partes* reviews of the '500 and '492 patents assert that a total of twenty-five claims are unpatentable, based on eleven invalidity grounds, relying on five prior art references. *See* Petition for *Inter Partes* Review of the '500 Patent at 12-59, O'Brien Declaration, Ex. B; Petition for *Inter Partes* Review of the '492 Patent at 9-57, O'Brien Declaration, Ex. C. The *inter partes* review of the '500 patent will decide whether claims 1-6, 10-12, 14-17, and 35—all of the claims at issue in this case—are anticipated by two issued patents. *See* Petition for *Inter Partes* Review of the '500 Patent at 12-59, O'Brien Declaration, Ex. B. The *inter partes* review of the '492 Patent will determine whether claims 1-8 and 10-12—again, all of the claims asserted here—are anticipated and/or rendered obvious by three issued patents and two printed publications. *See* Petition for *Inter Partes* Review of the '492 Patent at 9-57, O'Brien Declaration, Ex. C. Thus, the *inter partes* review petitions only further ensure that the PTAB will hold trials on the validity of Pi-Net's asserted patents.

---

[11] Under the AIA's threshold for initiating an *inter partes* review trial, the petition must demonstrate "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *See* AIA § 6(a) (to be codified at 35 U.S.C. § 314(a)).

Secondly, *inter partes* review is very likely to result in canceled or amended claims. As previously noted, only 11% of patents survive *inter partes* reexamination without seeing claims canceled or amended. *See Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *12 n.7 (internal citation omitted). Many of the same features that make CBM review even more likely to result in canceled or amended claims apply equally for *inter partes* review. For example, the higher threshold for initiation of an *inter partes* review trial increases the likelihood of claims being canceled. *Semiconductor Energy Lab.*, 2012 U.S. Dist. LEXIS 186322, at *7. And *inter partes* review allows a more thorough assessment of patentability because it provides for discovery, motion practice, live testimony, and oral argument. Office Patent Trial Practice Guide; Rule, 77 Fed. Reg. at 48,761-63, 48,768, O'Brien Declaration, Ex. G.

Finally, even if none of the pending reviews result in claim cancelation, the reviews will still facilitate trial of the remaining issues. *See Gould*, 705 F.2d at 1342. For instance, statements made during the proceedings may clarify or alter the meaning of patent terms. *See CVI/Beta Ventures*, 112 F.3d at 1158. The proceedings "may encourage a settlement without further involvement of the court." *Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *11 (internal quotation omitted). And "issues, defenses, and evidence will be more easily limited in pre-trial conferences." *Id.*

Because *inter partes* review will simplify, streamline, or completely eliminate the claims related to the '500 patent and '492 patent, this factor weighs heavily in favor of a stay.

## 2. Discovery Is Not Complete and Trial Is More than a Year Away.

As explained above, a stay is appropriate here because discovery is not complete, and trial remains more than a year away. Moreover, other Courts in this District have stayed patent cases pending reexamination that were much further along than the present litigation. *See*

*Textron*, 2007 U.S. Dist. LEXIS 100102, at *1-2, 5; *Gioello,* 2001 U.S. Dist. LEXIS 26158, at *1, 4-5.  Thus, the second factor weighs in favor of a stay.

### 3.    A Stay Will Not Cause Undue Prejudice to Pi-Net.

As with a stay pending CBM Review, a stay pending *inter partes* review will not cause undue prejudice to Pi-Net.  The parties lack any competitive relationship, and because Pi-Net's primary business is patent litigation, Pi-Net may be compensated through future money damages.  The timing of Citizens' motion for stay does not suggest any dilatory motive, and the short time spent waiting for PTAB to complete the *inter partes* reviews cannot "by itself, establish undue prejudice." *Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *23 (internal citations omitted).  Thus, the third factor weighs strongly in favor of a stay.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Citizens respectfully requests that the Court stay this case until the pending CBM review and *inter partes* reviews are fully resolved.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James R. Klaiber
Benjamin K. Semel
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036-6569
Tel:  (212) 421-4100

Joseph M. Beauchamp
JONES DAY
717 Texas, Suite 330
Houston, TX  77002
Tel:  (832) 239-3939

Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Tel:  (650) 739-3939

Daniel T. O'Brien
JONES DAY
2727 N. Harwood Street
Dallas, TX  75201
Tel:  (214) 220-3939

Dated:  April 24, 2013
1103608 / 39024

By:   */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     bpalapura@potteranderson.com

*Attorneys for Defendant*
*Citizens Financial Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 24, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 24, 2013, the attached document was Electronically Mailed to the following person(s):

George Pazuniak
O'Kelly Ernst & Bielli, LLC
901 N. Market St., Suite 1000
Wilmington, DE 19801
GP@del-iplaw.com

By:  */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1059613 / 39024