# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 12-355-RGA |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| CITIZENS FINANCIAL GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**REPLY BRIEF IN SUPPORT OF CITIZENS FINANCIAL GROUP, INC.'S
<u>MOTION TO STAY</u>**

OF COUNSEL:

James R. Klaiber
Benjamin K. Semel
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036-6569
Tel: (212) 421-4100

Joseph M. Beauchamp
JONES DAY
717 Texas, Suite 330
Houston, TX 77002
Tel: (832) 239-3939

Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

Daniel T. O'Brien
JONES DAY
2727 N. Harwood Street
Dallas, TX 75201
Tel: (214) 220-3939

Dated: May 21, 2013
1107494 / 39024

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant
Citizens Financial Group, Inc.*

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ...................................................................................1

II. ARGUMENT .................................................................................................................2

    A. This Is Not the "Extraordinary and Extremely Rare Set of Circumstances" Where a Stay Should Be Denied. ...................................................................2

        1. CBM Review Will Simplify—or Eliminate—Issues for Trial. .................3

        2. Discovery Is Not Complete, and Trial Is More than a Year Away. ...........3

        3. A Stay Will Not Unduly Prejudice Pi-Net or the Court. ...........................4

        4. A Stay Will Reduce the Burden on the Parties and Court. ........................6

    B. For the Same Reasons as Above, the Court Should Stay Proceedings Pending *Inter Partes* Review. ......................................................................7

    C. Pi-Net's Arguments Distinguishing *Markets-Alert* And Relying On Other Cases Are Incorrect. ....................................................................................7

    D. The PTAB Should Institute a CBM Review Trial. ..............................................8

III. CONCLUSION ............................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

      **Pages**

*Markets-Alert Pty. Ltd. v. Bloomberg Fin. L.P.*,
   C.A. No. 12-780-GMS, 2013 U.S. Dist. LEXIS 15300 (D. Del. Feb. 5, 2013) .............. *passim*

*Pactiv Corp. v. Multisorb Techs., Inc.*,
   No. 10-C-461, 2011 U.S. Dist. LEXIS 15991 (N.D. Ill. Feb. 15, 2011) ................................. 5

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   No. 12-cv-21-JST, 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 19, 2012) ....................... 2

*SoftView, LLC v. Apple, Inc.*,
   C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012) .................... 8

*Walker Digital, LLC v. Google, Inc.*,
   C.A. No. 11-309-SLR, 2013 U.S. Dist. LEXIS 52176 (D. Del. Apr. 11, 2013) ..................... 8

**STATUTES**

35 U.S.C. § 299 ............................................................................................................................. 5

35 U.S.C. § 315(b) ........................................................................................................................ 6

35 U.S.C. § 317(a) ........................................................................................................................ 3

35 U.S.C. § 324(a) ........................................................................................................................ 2

35 U.S. C. § 327(a) ....................................................................................................................... 3

**OTHER AUTHORITIES**

37 C.F.R. § 42.301 ........................................................................................................................ 9

Fed. R. Civ. P. 30(b)(6) ................................................................................................................. 5

## I. SUMMARY OF ARGUMENT

In the AIA, Congress created new procedures for streamlined review of the questionable "business method" patents with which so many non-practicing entities are deluging the Courts. Congress also gave clear direction that those new procedures should be allowed to work through to their conclusion, expressing a clear preference to stay related litigation in all but the most unusual circumstances. Pi-Net's Opposition does not and cannot establish that this is the "nearly impossible to imagine scenario" where a stay should be denied. *See Markets-Alert Pty. Ltd. v. Bloomberg Fin. L.P.*, C.A. No. 12-780-GMS, 2013 U.S. Dist. LEXIS 15300, at *29 n.14 (D. Del. Feb. 5, 2013) (quoting 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011)).

Pi-Net argues that a stay of this case will not simplify matters, but ignores the plain fact that the PTO's guidance will certainly simplify *this* case (and all those not resolved by the time the PTO's ruling is final). Similarly, Pi-Net complains of having to face multiple trials, but forgets that a stay has no bearing on whether there will be one or multiple trials. Pi-Net sued dozens of defendants across the country, and each and every one of them is entitled to a separate trial. There will be many trials, not all of them can happen at once, and staying this case may affect the order of trials but will not necessarily change how many there will be.

Pi-Net's complaints about prejudice ring hollow as well. Pi-Net has one business, litigation. It cannot be heard to complain of having to face multiple trials and that they will not all be resolved at once. Nor can Pi-Net justifiably claim that a stay would create unfairly prejudicial delay, both because the PTO proceedings will be done next year and because *Pi-Net actually opposed the petitioner's effort to expedite those proceedings.*

In addition, granting a stay of this case will not provide Citizens with any unfair tactical advantage. Citizens has already confirmed that it will be bound by the Court's rulings on claim construction and the pending motion for summary judgment, whether the case is stayed or not.

When a stay is lifted, all that will happen is that the discovery, motions and trial specific to Citizens will proceed, albeit only as to claims that survive both the PTO proceedings and the pending summary judgment motion (as well as the claim construction hearing that will be scheduled) before this Court.

The AIA creates a new four-factor test to consider a stay in view of a pending CBM proceeding. The test is met here, and Citizens' motion to stay should be granted. Indeed, the Court's order this week continuing the claim construction hearing emphasizes the benefits of streamlining the issues. Staying this case in favor of the pending PTO proceedings is one more way to accomplish that important goal.

## II. ARGUMENT

### A. This Is Not the "Extraordinary and Extremely Rare Set of Circumstances" Where a Stay Should Be Denied.

Pi-Net devotes most of its response to arguing that the PTAB is unlikely to institute a CBM review trial. (Br. in Opp'n, D.I. 70, at 4-12, 15.) For reasons explained in Citizens' opening brief and in Part II.D. *infra*, Citizens disagrees. The Court, however, need not speculate as to how the PTAB will resolve this question. No later than September 27, 2013, the PTAB will have either ended the CBM review or have instituted a trial. If a trial is granted, the requested stay will spare the parties and the Court the burden of litigating claims likely to be canceled or amended.[1] If a trial is denied, the stay will be short and cause Pi-Net to suffer little to no prejudice. *See Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. 12-cv-21-JST, 2012 U.S. Dist. LEXIS 186322, at *7 (C.D. Cal. Dec. 19, 2012). In either circumstance, the stay request is reasonable and does not involve the "'nearly impossible to imagine scenario'" where a

---

[1] If the PTAB institutes a CBM review trial, then a panel of administrative patent judges will have already issued a written opinion concluding that "more likely than not at least 1 of the claims challenged in the petition is unpatentable." *See* 35 U.S.C. § 324(a).

stay should be denied. *See Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *29 n.14 (quoting 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011)). Furthermore, each of the four factors favors a stay.

### 1.     CBM Review Will Simplify—or Eliminate—Issues for Trial.

The fact that Pi-Net might continue to litigate its other actions, in this Court and across the country, does not diminish the issue simplification that a stay can provide to *this* case. For any claims canceled or amended, the Court will avoid holding a trial on Citizens' alleged infringement or the validity of those claims. Entire patents could be eliminated. Accused products may no longer be relevant. And the PTAB procedures could result in a quick settlement between the parties (including parties other than Citizens).[2]

### 2.     Discovery Is Not Complete, and Trial Is More than a Year Away.

Pi-Net argues that discovery is "on its way" but admittedly incomplete. (Br. in Opp'n, D.I. 70, at 10.) In fact, much discovery remains ahead. No depositions have occurred. Expert discovery is not scheduled to commence for many months. And the defendants have only served two common interrogatories, of which Pi-Net has answered just one. Furthermore, Pi-Net acknowledges that there is no firm trial date, and any trial remains over a year away. (Br. in Opp'n, D.I. 70, at 10-11.) The Court has not yet ruled on any substantive motions. No claim construction hearing is presently scheduled.

Pi-Net erroneously argues that the timing of the final CBM review decision is "speculative" and projects the timeframe at its absolute statutory extreme of eighteen months. (Br. in Opp'n, D.I. 70, at 11.) In reality, the PTAB will have decided to institute a trial by the end of September. The PTAB will issue a final decision on the validity of all claims asserted in

---

[2] Unlike reexamination, the parties can agree to settle CBM and *inter partes* reviews, and jointly petition to end the proceedings before the PTAB. *See* 35 U.S.C. §§ 317(a), 327(a).

this case by September 27, 2014, and that final decision may come even earlier. For instance, in another unrelated case, the PTAB recently held a CBM review trial on April 17, 2013, just 7 months after SAP filed the original petition in that case.[3] SAP attempted to achieve a similar acceleration for the CBM review of the '158 patent, **but Pi-Net successfully blocked that attempt**. *See* Order Denying Petitioner's Request for Authorization to File Motion to Accelerate, *SAP Am., Inc. v. Pi-Net Int'l, Inc.*, No. CBM 2013-00013, Ex. A. Nevertheless, this speedy CBM review trial illustrates that the PTAB is willing and able to issue its decisions well within the 12-month statutory deadline (and Pi-Net's efforts to delay the PTAB review emphasize why it should not be heard to complain about the timing of that process).

### 3. A Stay Will Not Unduly Prejudice Pi-Net or the Court.

Pi-Net urges that allowing it to proceed in other cases while Citizens' case is stayed will somehow prejudice Pi-Net and the Court. (Br. in Opp'n, D.I. 70, at 11.) However, even assuming that CBM review does not eliminate the need for a trial in this case, there will be no duplication of effort by Pi-Net or the Court once the stay is lifted.

The fact that Pi-Net might face staggered trials does not cause undue prejudice. Pi-Net is in the business of patent litigation, with at least 20 cases currently pending across the country. *See* Table of Pi-Net Patent Litigation, Ex. B. These cases have widely discrepant scheduling orders, and many have not even had a scheduling conference yet.[4] *Id.* Thus, assuming any

---

[3] *See generally SAP Am., Inc. v. Versata Dev. Group, Inc.*, No. CBM2012-00001.

[4] Furthermore, in at least five other cases, three pending in the Central District of California and two pending in the Northern District of California, Pi-Net defendants have moved for stays pending SAP's post-grant review petitions. *See Pi-Net Int'l, Inc. v. Hertz Corp.*, No. 2:12-cv-10012 (C.D. Cal.) (motion to stay filed Apr. 25, 2013); *Pi-Net Int'l, Inc. v. Dollar Thrifty Auto. Group, Inc.*, No. 2:12-cv-04270 (C.D. Cal.) (motion to stay filed Apr. 25, 2013); *Pi-Net Int'l, Inc. v. Avis Budget Group, Inc.*, No. 2:12-cv-04036 (C.D. Cal.) (motion to stay filed Apr. 25, 2013); *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. 5:12-cv-04958 (N.D. Cal.) (motion to stay filed May 9, 2013); *Pi-Net Int'l, Inc. v. Bridge Bank*, No. 5:12-cv-04959 (N.D. Cal.) (motion to stay filed May 9, 2013).

claims survive CBM review, Pi-Net will not be prejudiced by the mere fact that trial in this case, if any, may follow trials in the other Delaware actions by a few months. Pi-Net will be engaged in its core business of litigating these patents for several years anyway.

Similarly, Pi-Net will not be unduly prejudiced by any duplicative discovery. If this case resumes after a stay, the only "duplicative" discovery needed would presumably be depositions of the inventor of the patents-at-issue and of Pi-Net itself under Fed. R. Civ. P. 30(b)(6). Furthermore, Citizens agrees to limit those depositions, should they become necessary after the Court lifts its stay pending completion of CBM review, by agreeing that the depositions will be limited to 4 hours each. Thus, in light of the fact that Pi-Net and the inventor are poised to undergo at least 15 depositions over the next several years, the prejudice that may result from these additional, limited depositions, should they even become necessary, is minimal.

The Court should not be prejudiced by staying this case, even if related cases proceed. *See Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10-C-461, 2011 U.S. Dist. LEXIS 15991, at *3-6 (N.D. Ill. Feb. 15, 2011) (finding that judicial efficiency supported consolidating a pending patent case with a patent case that was stayed pending reexamination). As stipulated in the opening brief, Citizens will be bound by any Court rulings on claim construction or the pending motion for partial summary judgment. (Opening Br., D.I. 67, at 3.) Recent changes to the Patent Act implemented in the AIA provides the defendants in this case with separate trials. *See, e.g.,* 35 U.S.C. § 299 (prohibiting joinder of defendants in patent cases based on mere allegations that defendants infringe the same patent). Thus, holding the Citizens trial a few months after the other Pi-Net cases will not prejudice Pi-Net. On the contrary, the likelihood that asserted claims will be canceled or amended simplifies issues and diminishes the Court's burden.

Finally, Pi-Net is mistaken with regard to the timing of the petitions for post-grant review and motion to stay.  First, Pi-Net asserts that Citizens could have sought CBM or *inter partes* review at the outset of the case.  (Br. in Opp'n, D.I. 70, at 12, 14.)  But, as noted in Citizens' opening brief, these new procedures were not available until September 16, 2012.  *See* AIA § 18(a)(2).  Second, Pi-Net claims that SAP filed for CBM review "on the last possible day that it could have done so."  (Br. in Opp'n, D.I. 70, at 12.)  However, there is no deadline for filing a petition for CBM review.[5]

### 4.  A Stay Will Reduce the Burden on the Parties and Court.

Pi-Net argues that the Court "cannot stay the case" because the PTO will not likely not grant the CBM review.  (Br. in Opp'n, D.I. 70, at 12.)  On the contrary, the Court can and should stay the case.  In the unlikely event that the '158 patent becomes the first for which the PTAB denies a CBM review trial, the stay will be very short.[6]

The fact that Pi-Net may move forward with other cases, in this District and elsewhere, while the PTAB determines the validity of the asserted patents does not eliminate the burden reduction that a stay could provide to this case.  In fact, should the other Delaware actions move forward, they will be streamlined and less burdensome on the Court and the parties.  One less litigant will be involved, and six fewer accused instrumentalities will be at issue.

---

[5] The only time limitation for CBM review is the sunset provision that will close the procedure in the year 2020.  *See* AIA § 18(a)(3)(A).  There is a one year deadline for filing IPRs (*see* 35 U.S.C. § 315(b)).

[6] However, if the Court stays this case pending CBM review and *inter partes* review, and the CBM review trial is denied, the Court has discretion to maintain the stay while the other two asserted patents undergo *inter partes* review.

### B. For the Same Reasons as Above, the Court Should Stay Proceedings Pending *Inter Partes* Review.

The only novel argument that Pi-Net offers against a stay pending *inter partes* review is that other issues, namely inequitable conduct and infringement, cannot be resolved by *inter partes* review. However, Pi-Net again fails to recognize that claims are likely to be canceled or amended. Inequitable conduct and infringement become irrelevant for any canceled claims. *See Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *13. And if all asserted claims are canceled, then the case ends entirely. *Id.*

### C. Pi-Net's Arguments Distinguishing *Markets-Alert* And Relying On Other Cases Are Incorrect.

Pi-Net's arguments in distinguishing *Markets-Alert* are simply wrong. First, Pi-Net incorrectly states that every defendant moved for a stay in *Markets-Alert*. *See* 2013 U.S. Dist. LEXIS 15300, at *3-4 n.3. Second, *Markets-Alert* actually presented a question of whether the patent claimed a method used in the administration of a financial product or service. Here, claim 1 of the '158 patent plainly recites a method of "transferring funds from [a] checking account to [a] savings account." Finally, *Markets-Alert* did not "plainly state[]" that the Court would have denied the stay if "significant litigation activities" had occurred. (Br. in Opp'n, D.I. 70, at 15.) At most, *Markets-Alert* might indicate that one of four statutory factors could weigh against a stay in such circumstances. But here, "significant litigation activities" have not occurred, as no depositions have occurred, none are scheduled, expert reports are months away and trial remains more than a year away.

After failing to distinguish *Markets-Alert*, Pi-Net points to three other cases, *id.*, none of which involved a CBM or *inter partes* review and none applied the law that governs this case— the AIA's four-factor test that favors stays of civil actions in light of CBMs. Instead, Pi-Net's cases all decide motions to stay pending *reexamination*, which is different from the AIA's new

post-grant review procedures that are designed to reach resolution much more quickly than the historical reexamination proceedings. The *Walker Digital* decision relied on the fact that, unlike CBM or *inter partes* review, reexamination "has no reliable timetable to conclusion." *Walker Digital, LLC v. Google, Inc.*, C.A. No. 11-309-SLR, 2013 U.S. Dist. LEXIS 52176, at *7 (D. Del. Apr. 11, 2013). And the *SoftView* court noted that reexaminations "are likely to take 6.5 to 8 years to reach a final decision," meaning a stay "would likely last several years." *SoftView, LLC v. Apple, Inc.*, C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *12-13 (D. Del. July 26, 2012) (internal quotation omitted). The unpredictable and lengthy nature of reexamination is precisely what prompted Congress to create CBM and *inter partes* review as time-bound and "cost-efficient alternative[s] to litigation." *See Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *9.

### D. The PTAB Should Institute a CBM Review Trial.

The '158 patent is a covered business method patent. That is, it "claims a method . . . for performing data processing or other operations used in the practice, administration, or management of a financial product or service." AIA § 18 (d)(1). Pi-Net's argument that the '158 patent claims are exempt from CBM review because the '158 patent is a "technology based patent" contradicts the broad scope of a "covered business method" that the author of the statute intended. Specifically, Senator Charles E. Schumer, who drafted and introduced the CBM review provisions in the AIA through the Schumer-Kyl Amendment, wrote USPTO Judge Michael Tierney, commending the PTO on its rulemaking related to CBM review and explaining that the drafting intent was for a very broad definition of "covered business method patent" and a narrow view of the "technological invention" exception. Letter from Sen. Schumer to USPTO Lead Judge Michael Tierney, at 1-3 (Apr. 10, 2012) (quoting 157 Cong. Rec. S1363, S1365 (daily ed. Mar. 8, 2011)), Ex. C. In that letter, Senator Schumer stated that "the 'practice,

administration and management' language is intended to cover any ancillary activities related to a financial product or service, including, without limitation, . . . customer interfaces, Web site management and functionality, transmission or management of data, servicing, . . . customer communications, and back office operations—e.g., payment processing . . . ." Id. at 2.

Pi-Net argues that the '158 patent is a "technology-based patent," in an apparent attempt to invoke the "technological invention" exception. *See id.* However, to qualify as a "technological invention," the patent must: (1) claim a subject matter that, as a whole, recites novel and non-obvious technological features; ***and*** (2) solve a technical problem with a technical solution. 37 C.F.R. § 42.301. The '158 patent meets neither of these requirements. First, Pi-Net's "technological" feature that it states is not subject to CBM review is the "transactional data structure" that Pi-Net argues is contemplated by claim 1.[7] This is precisely the type of subject matter that Senator Schumer indicated is covered by the CBM proceedings. Indeed, the only other technological features that Pi-Net might point to—"computer system coupled to an input device" and "World Wide Web"—were not novel and non-obvious.[8] *See Markets-Alert*, 2013 U.S. Dist. LEXIS 15300, at *15-16. Secondly, Pi-Net does not identify any technical problem or technical solution provided by the '158 patent. In fact, the '158 patent only solves the "problem" of transferring funds from one bank account to another, which is a financial problem, not a technical one.

---

[7] Pi-Net's argument also focuses on Fig. 5D, other portions of the specification, and SOAP. But, none of these things are recited in the claims. The test for whether a patent is a covered business method patent depends on what the patent *claims*, not on what it discloses or other teachings. *See* AIA § 18(d)(1).

[8] The '158 patent itself admits that these technological features are prior art in its background section and by characterizing the computer system as "typical." '158 patent, 1:28-2:37, 3:51-52.

## III.  CONCLUSION

For the foregoing reasons, the Court should stay this litigation until the pending petitions for CBM review and *inter partes* review are fully resolved.

                                                      Respectfully submitted,

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| James R. Klaiber | |
| Benjamin K. Semel | By:  */s/ David E. Moore* |
| PRYOR CASHMAN LLP |     Richard L. Horwitz (#2246) |
| 7 Times Square |     David E. Moore (#3983) |
| New York, NY 10036-6569 |     Bindu A. Palapura (#5370) |
| Tel:  (212) 421-4100 |     Hercules Plaza, 6th Floor |
| |     1313 N. Market Street |
| Joseph M. Beauchamp |     Wilmington, DE  19801 |
| JONES DAY |     Tel:  (302) 984-6000 |
| 717 Texas, Suite 330 |     rhorwitz@potteranderson.com |
| Houston, TX  77002 |     dmoore@potteranderson.com |
| Tel:  (832) 239-3939 |     bpalapura@potteranderson.com |
| | |
| Tharan G. Lanier | *Attorneys for Defendant* |
| JONES DAY | *Citizens Financial Group, Inc.* |
| 1755 Embarcadero Road | |
| Palo Alto, CA  94303 | |
| Tel:  (650) 739-3939 | |
| | |
| Daniel T. O'Brien | |
| JONES DAY | |
| 2727 N. Harwood Street | |
| Dallas, TX  75201 | |
| Tel:  (214) 220-3939 | |

Dated:  May 21, 2013
1107494 / 39024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 21, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 21, 2013, the attached document was Electronically Mailed to the following person(s):

George Pazuniak
O'Kelly Ernst & Bielli, LLC
901 N. Market St., Suite 1000
Wilmington, DE  19801
GP@del-iplaw.com

By:  */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1059613 / 39024