IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PI-NET INTERNATIONAL INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-355-RGA |
| CITIZENS FINANCIAL GROUP, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| PI-NET INTERNATIONAL INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1812-RGA |
| WELLS FARGO BANK N.A., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| PI-NET INTERNATIONAL INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-91-RGA |
| KRONOS INCORPORATED, | : | |
| Defendant. | : | |

| PI-NET INTERNATIONAL INC., | : |  |
|---|---|---|
| Plaintiff, | : |  |
| v. | : | Civil Action No. 14-373-RGA |
| CITIGROUP, INC., et al., | : |  |
| Defendants. | : |  |

| PI-NET INTERNATIONAL INC., | : |  |
|---|---|---|
| Plaintiff, | : |  |
| v. | : | Civil Action No. 14-495-RGA |
| PAYDAY ONE, LLC, et al., | : |  |
| Defendants. | : |  |

MEMORANDUM ORDER

In the above cases, Plaintiff is Pi-Net International, Inc.[1] Plaintiff asserts three patents, Nos. '500, '158, and '492. (D.I. 1).[2] On May 14, 2014, Judge Robinson found, in a different case, the asserted claims of those three patents to be invalid as indefinite, not enabled, and lacking written description. (No. 12-282-SLR, D.I. 165 & 166). That case is now on appeal to the Federal Circuit. (No. 14-1495 in that Court). The same three patents are also under either CBM or IPR review at the PTO. (D.I. 111).

---

[1] The documents relevant to this Memorandum Order have been filed in all five cases. For ease of reference, unless otherwise indicated, all Docket Item citations are to the 12-355 case.

[2] In No. 14-495-RGA, the '894 patent is asserted instead of the '158 patent. In No. 14-91-RGA, the '894 and '833 patents are asserted instead of the '158 patent. In Nos. 13-1812-RGA and 14-373-RGA, only the '500 and '492 patents are asserted. It appears that the '894 patent is subject to a current IPR proceeding. IPR2014-00413/00414. It does not appear that there are any pending PTO challenges to the '833 patent.

2

These cases do not all have the same procedural posture. In relevant respects, however, the proceedings have been the same. When the lawsuits were filed, Plaintiff was represented by George Pazuniak, Esquire. On August 19, 2014, Pazuniak and his law firm filed a motion to withdraw in the five cases. (D.I. 91). After a hearing, I granted the motion to withdraw. (D.I. 98). Dr. Arunachalam, the sole owner of Pi-Net, appeared at the hearing, and did not object to the withdrawal, noting that Pazuniak had been fired. (D.I. 102 at 7-8). Pi-Net, being a corporation, cannot proceed *pro se*. There is a pending motion to substitute Dr. Arunachalam as Plaintiff based on Plaintiff's assignment of the patents-in-suit to her. (D.I. 95).

Before I can decide the motion to substitute, there is a different issue I need to address.[3] Dr. Arunachalam states that I should recuse myself. (*E.g.*, D.I. 100 at 6-7; D.I. 103 at 3; D.I. 109 at 3-4; D.I. 113 at 10-17; D.I. 115 at 3).

Until April 8, 2014, I was assigned to Pi-Net v. JPMorgan Chase, Civ. Act. No. 12-282-SLR. On that date the case was reassigned to Judge Robinson. Judge Robinson subsequently granted summary judgment against Plaintiff on May 14, 2014. Some months later, Dr. Arunachalam started filing papers stating that both I and Judge Robinson (along with Chief Judge Stark, who has had nothing to do with these cases or any of the related cases[4][5]) should have recused ourselves. (D.I. 100 at 5). I address here only the arguments concerning me.

---

[3] As Pi-Net is Plaintiff, and unrepresented, it cannot file documents. Dr. Arunachalam purports to file documents on its behalf, but she is not admitted to the Delaware bar, and does not claim to be a lawyer. Thus, I have struck some of the filings, either because they claim to be filed by Pi-Net, or because they are claimed to be filed by Dr. Arunachalam (not a party) *pro se*.

[4] Since neither Judge Robinson nor Chief Judge Stark is assigned to any of these five cases, the motions as to them are **DISMISSED AS MOOT**.

[5] There are or have been in this District more than a dozen other cases filed by Pi-Net asserting some or all of these patents. (Nos. 12-280/281/282; 12-352/353/354/356; 14-430; 14-489/490/491/492/493/494/496). Dr. Arunachalam has also filed cases in her own name, some of which assert some of these patents. (Nos. 13-1328/1333-1337/1347-1352).

3

Dr. Arunachalam states, accurately, that my financial disclosure reports show that I own mutual funds that have holdings in J.P. Morgan stock and other J.P. Morgan financial instruments.[6]

There is a straightforward and dispositive response. Federal statutes set forth the framework for deciding recusals. The particular scenario that has arisen here was considered in the recusal statute. *See* 28 U.S.C. § 455(b)(4)(mandating that a judge with a "financial interest" in a litigant must recuse). The statute further states, however, that, "Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." 28 U.S.C. §455(d)(4)(i). I do not participate in the management of the mutual funds in which I have investments. I therefore am not required to recuse myself just because a mutual fund in which I own shares has stock holdings that would necessitate recusal if I held the stock directly. It is that simple.

A reasonable person considering this issue might consider a few other things in addition to the express direction of the statute. One, financial conflicts of interest are not waivable. 28 U.S.C. §455(e). Two, the advice of professionals is to have diversified holdings.[7] In my case, if this sort of financial interest were a conflict, I would be recused in many corporate cases, as I dare say[8] that I might have, through mutual fund holdings, an indirect financial interest in almost every large publicly-traded U.S. corporation. For example, one of the mutual funds that I report on my financial disclosure form is the Vanguard Total Stock Market Index Fund, which, on

---

[6] Dr. Arunachalam later stated that I own mutual funds which own securities of Citibank and Wells Fargo Bank (D.I. 109 at 3). These are two of the defendants in these five cases. The discussion as it pertains to J.P. Morgan is just as apt for Citibank and Wells Fargo.

[7] From the Vanguard website: "One mutual fund can invest in hundreds—sometimes thousands—of individual securities at once. So if any one security does poorly, the others are there to help offset that risk."

[8] There is no duty for me to keep track of what investments mutual funds make. "[A] judge who invests in a mutual fund has no duty to affirmatively monitor the underlying investments of the fund for recusal purposes." Guide to Judiciary Policy, Vol. 2B, Chap. 2, Advisory Opinion No. 106.

4

March 18, 2015, reports having holdings in 3,798 stocks as of February 28, 2015. Three, while I am able to buy and sell stocks at my discretion, I have no input at all on whether and when mutual funds buy or sell stocks. Thus, if I am handling Plaintiff's case against J.P. Morgan, I could make a decision that I am not going to buy any J.P. Morgan stock while I have the case. If I did make such a purchase, I would have to recuse myself, and it is undesirable (and, I would expect, against customary judicial practice) to make discretionary choices that force one to recuse oneself in the middle of a case. If, however, a mutual fund's purchase of a stock would result in recusal, I would have the following choices. (1) Avoid any mutual fund holdings. *Cf.* Code of Conduct for United States Judges, Canon 4D(3) ("As soon as the judge can do so without serious financial detriment, the judge should divest investments and other financial interests that might require frequent disqualification."). Or, (2) if I had any mutual fund holdings, arrange for daily reporting of any new holdings of any mutual fund. Be prepared to recuse myself on short notice no matter how inopportune the timing (as, for example, in the middle of a trial), and/or to sell the mutual fund on short notice. *See* 28 U.S.C. §455(f).

The second choice could result in chaos. Thus, as a practical matter, I would be excluded from having mutual fund holdings.

Dr. Arunachalam makes numerous arguments in support of her request, but when her citations to authority are reviewed, they do not stand for the propositions for which she asserts them. For example, she cites the Guide to Judiciary Policy, Vol. 2B, Chap. 2, Advisory Opinion No. 106. (D.I. 113 at 12). The Advisory Opinion notes that a "mutual fund" is not defined. It states that "investments in a mutual fund will normally avoid triggering recusal concerns with respect to the securities that the fund holds, with some exceptions discussed below." The discussion that follows contrasts mutual funds registered with the SEC that have broad and

5

diverse holdings with unregistered mutual funds that have narrow holdings that specialize in a sector. Following this analysis, to the best of my knowledge, all the mutual funds in which I have shares are registered with the SEC, and have broad holdings. To the extent the mutual funds are specialized, the breakdowns tend to be domestic/foreign, or large cap/medium cap/small cap, or bond/stock, or "tax-free." I do not think I own any mutual fund that would reasonably be described as a "financial" sector fund or a "financial services" sector fund.[9] Therefore, since the law sets forth clear lines between when financial holdings do, or do not, require recusal, and I am clearly on the "recusal not required" side of the line, I will not recuse myself. Further, even if the law were not clear, no reasonable person would think that my financial holdings give the appearance of impartiality.[10] [11]

As the filings progressed, Dr. Arunachalam filed a §144 affidavit claiming that I am biased. (D.I. 113 at 19-24). The affidavit is conclusory. It states that I am biased and prejudiced against "Plaintiff" (by which I assume Dr. Arunachalam means herself rather than Pi-Net), that I am biased in favor of Defendants, that I "tainted" Judge Robinson with my indirect holdings in J.P. Morgan, and that I "handed over" the J.P. Morgan case without giving Judge Robinson enough time to decide the case correctly. She also mentions that I previously was "unnecessarily

---

[9] Dr. Arunachalam asserts that I hold "narrow financial sector mutual funds," (D.I. 113 at 13), but does not state which fund meets that description.

[10] Notwithstanding that the recusal statute has a particular subsection appropriate to my situation, Dr. Arunachalam often cites the more general "appearance of impartiality" standard. It seems to me that the point of the specific exception noted in §455(d)(4)(i) would be rendered meaningless by Dr. Arunachalam's approach.

[11] Dr. Arunachalam's submissions quote many big numbers, but there is no sense of proportion. According to what I see on various websites, over the last three years, J.P. Morgan Chase ("JPM") has had about 3,800,000,000 outstanding shares of stock. While the stock is now at about 61, it had an "average close" as low as 28.72 on June 4, 2012. Thus, the shares on June 4, 2012, were worth $107,160,000,000. Let's assume that Pi-Net had a reasonable chance at obtaining a $10,000,000 verdict. J. P. Morgan could pay the verdict, and be $10,000,000 poorer. If the shares reflect that event, each share would reduce in value by 10/107160, or .0000933. If one had $100,000 in shares, the shares would lose $9.33 of value. The point is that Pi-Net's case has no potential effect on the value of a holding in J.P. Morgan stock that any individual investor would notice. Thus, I have no interest that could be "affected substantially" by the outcome of the Pi-Net litigation. 28 U.S.C. § 455(b)(5)(iii); Code of Conduct for United States Judges, Canon 3C(1)(d)(iii).

6

harsh" in the handling of other cases in which her corporation was asserting patents against Dell and FedEx. *See WebXchange Inc. v. Dell, Inc.*, No. 08-132-RGA; *WebXchange Inc. v. FedEx Corp.*, No. 08-133-RGA. (D.I. 113 at 19-21). Other than the last allegation, all the others are essentially a variation on the argument that my financial interest in mutual funds that have J.P. Morgan holdings should result in my recusal.

Section 144 provides, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. §144.

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of a §144 affidavit. *See United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of its assertions. *See Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973). Dr. Arunachalam's allegations of bias consist of subjective conclusions and disagreements with this court's legal rulings in this and other cases wherein Dr. Arunachalam has had an interest. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). The only facts stated with particularity are that I have holdings in mutual funds that hold J.P. Morgan

7

securities, but that is not a "material" fact. Moreover, the Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Dr. Arunachalam has not met the requirements of § 144, and her request for recusal under 28 U.S.C. § 144 will therefore be denied.[12]

To the extent the §144 affidavit is directed to financial holdings, no reasonable person could conclude that such holdings were the basis for a conclusion that they evidenced a personal bias against Plaintiff.

This 18th day of March 2015, IT IS HEREBY ORDERED that the request for recusal is **DENIED**.

／s／ Richard G. Andrews
United States District Judge

---

[12] Dr. Arunachalam also notes that I worked one summer, thirty-four years ago, for a law firm that at one time or another has represented J.P. Morgan, Wells Fargo, Citigroup, Bank of America and FedEx. (D.I. 115 at 3, 9-14). No reasonable person could conclude this is a material fact.

8