IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PI-NET INTERNATIONAL, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | C.A. No. 12-355-RGA | |
| ) | | |
| CITIZENS FINANCIAL GROUP, INC., ) | | |
| ) | | |
| Defendant. ) | | |
| PI-NET INTERNATIONAL, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | C.A. No. 14-91-RGA | |
| ) | | |
| KRONOS INCORPORATED, ) | | |
| ) | | |
| Defendant. ) | | |
| PI-NET INTERNATIONAL, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | C.A. No. 14-373-RGA | |
| ) | | |
| CITIGROUP, INC., CITICORP, and ) | | |
| CITIBANK, N.A., ) | | |
| ) | | |
| Defendants. ) | | |

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 14-495-RGA |
| ) | |
| PAYDAY ONE, LLC; and ) | |
| THINK FINANCE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 13-1812-RGA |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM

In five related cases, Dr. Lakshmi Arunachalam moves to be substituted for Plaintiff Pi-Net International, Inc., pursuant to Fed. R. Civ. P. 25(c). (No. 12-355-RGA, D.I. 95; 13-1812-RGA, D.I. 15; No. 14-91-RGA, D.I. 24; No. 14-373-RGA, D.I. 16; No. 14-495-RGA, D.I. 11).[1]

Pi-Net filed No. 12-355 on March 19, 2012, asserting the '500, '158, and '492 patents against Citizens Financial Group, Inc. On June 21, 2013, I stayed the case in light of pending CBM review of the three asserted patents. (D.I. 82). The case remains stayed. Pi-Net filed No.

---

[1] Unless otherwise indicated, docket item citations are to the record in No. 12-355.

13-1812 on November 1, 2013, asserting the '500 and '492 patents against Wells Fargo & Company. About the time I might have held a scheduling conference, Judge Robinson decided on May 14, 2014, in Pi-Net v. J. P. Morgan, No. 12-282-SLR, that the '500, '158, and '492 asserted patent claims were invalid. (No. 12-282-SLR, D.I. 165 & 166). There has thus been no substantive progress in the No. 13-1812 case, although it has not been formally stayed. In No. 14-91, Pi-Net filed a case on January 22, 2014, against Kronos Inc., asserting the '500, '492, '833, and '894 patents. While preliminary motions were pending, the parties stipulated to a stay pending resolution of the appeal from the *J.P. Morgan* case. (No. 14-91-RGA, D.I. 14). I granted the stay. In No. 14-373, Pi-Net filed suit against Citigroup, Inc. on March 24, 2014, asserting the '500 and '492 patents. On June 17, 2014, the parties agreed to stay the case, which I granted. (No. 14-373-RGA, D.I. 9). In No. 14-495, on April 18, 2014, Pi-Net filed suit against Payday One LLC, asserting the '500, '492, and '894 patents. Defendant has answered the complaint, but there has been no further substantive progress on the case.

On August 19, 2014, counsel for Pi-Net filed a motion to withdraw in these cases. (D.I. 91). The motion was granted. (D.I. 98). The motion to be substituted was filed at about the same time. It is pretty clear that Pi-Net is not going to get counsel, and it cannot proceed without counsel.

There is evidence that Pi-Net assigned the asserted patents (other than the '833 patent[2]) to Dr. Arunachalam in late August and early September 2014. (D.I. 99 at 5-10, 103, 104, and 108 at 7-9).

Fed. R. Civ. P. 25(c) generally allows for a party to substitute when a transfer in interest has occurred. Specifically, Rule 25(c) states: "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). It is well-established that the Court has discretion in deciding whether to grant a motion to substitute. *See Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993) ("a Rule 25(c) decision is generally within the district court's discretion.").

Defendants object to Dr. Arunachalam's motion to substitute on several grounds. First, Defendants assert that they are seeking costs and attorney fees from Pi-Net. (D.I. 114 at 2-3). Defendants claim that if Dr. Arunachalam substitutes as Plaintiff, they will not be able to collect any costs and fees they are awarded. (*Id.*). Second, Defendants object to substitution because Dr. Arunachalam will negatively impact the efficient resolution of this case if she is able to proceed *pro se*. (*Id.* at 3-6). Third, Dr. Arunachalam does not have access to Defendants'

---

[2] In Arunachalam v. Paychex, Inc., No. 13-1349-RGA, on July 29, 2013, Dr. Arunachalam asserted that she "is the owner of all rights, title, and interest in the '833 Patent . . . ." (No. 13-1349, D.I. 1, ¶ 10). On April 23, 2014, that case was dismissed by stipulation. On April 7, 2014, Pi-Net filed suit against Paychex asserting the '833 patent and stating, "Plaintiff [Pi-Net] is the owner of all rights, title, and interest in the '833 Patent . . . ." (No. 14-430-RGA, D.I. 1, ¶ 12). Pi-Net had made the same assertion as of January 22, 2014, against Kronos: "Plaintiff [Pi-Net] is now the owner of all rights, title, and interest in the '833 Patent...." (No. 14-91-RGA, D.I. 1, ¶ 8). There is nothing in the record so far as I can see showing the assignment of the '833 patent back to Dr. Arunachalam.

4

confidential information, which will make it very difficult to litigate the case. (*Id.* at 6-7). To avoid these problems, Defendants suggest that joinder would be appropriate. (*Id.* at 7-8).

Dr. Arunachalam responds by arguing, first, that Pi-Net can assume the potential attorneys' fees and costs liability, even if she is substituted as plaintiff. (D.I. 115 at 6). Second, Dr. Arunachalam argues that the goal of efficiency is best met by substituting her as the sole plaintiff. (*Id.* at 5-6). If Dr. Arunachalam is not made the sole plaintiff, Pi-Net will still be required to obtain counsel, and according to Dr. Arunachalam, the case will likely not continue. (*Id.*). Third, Dr. Arunachalam claims that the confidential information is not necessary to litigate this case. (*Id.* at 4-5). Additionally, Dr. Arunachalam claims that her Constitutional right to proceed *pro se* would be violated if she is not substituted. (*Id.* at 5).

I accept Dr. Arunachalam's representation[3] that, "Pi-Net can agree to assume 100% liability, without being co-Plaintiff." (D.I. 115 at 6). I interpret this statement as meaning that if either Pi-Net, as Plaintiff until today, or Dr. Arunachalam, as Plaintiff going forward, later become liable for attorney's fees and/or other costs, Pi-Net will accept liability just as if Dr. Arunachalam's future litigation efforts were Pi-Net's, and will further accept liability for anything that it has done to date just as if it were continuing in this case.[4] **IF I HAVE MISUNDERSTOOD DR. ARUNACHALAM'S REPRESENTATION, DR. ARUNACHALAM IS ORDERED TO FILE A PLEADING WITHIN TWO WEEKS OF THE DATE OF THIS MEMORANDUM EXPLAINING THE CORRECT**

---

[3] Dr. Arunachalam, as of September 9, 2014, was Pi-Net's President (D.I. 108 at 7, 9), and thus I think her statements on behalf of Pi-Net are binding on Pi-Net.

[4] Just because Pi-Net will be 100% liable does not mean that Dr. Arunachalam will not also be jointly and severally liable.

5

**UNDERSTANDING, AND I RESERVE THE RIGHT TO *SUA SPONTE* WITHDRAW THIS OPINION AND TO SUBSTITUTE ANOTHER ONE.**

I accept Defendants' arguments that Dr. Arunachalam's *pro se* representation presents difficulties. I believe Dr. Arunachalam has made one of the arguments go away by her representation that she accepts that she will not in the future have any access to the "highly confidential" information that cannot be disclosed to her now. (D.I. 115 at 4-5). She says, if necessary, she will hire counsel or expert witnesses to access such information, but she understands that she will not be able to access such information and that her hired counsel and/or expert witnesses will not be able to share such information with her. (*Id.*). The argument that her *pro se* representation will negatively impact the efficient resolution of these cases is harder to address. I expect it is true, since one of the usual consequences of *pro se* representation is that the *pro se* party does not present the case as well as if the party were represented by counsel. Nevertheless, I do not see that as a sufficient reason to prohibit *pro se* representation in this case. Therefore, I will grant Dr. Arunachalam's substitution motions.

A separate order will be entered.

Wilmington, Delaware
March 18, 2015

                                               *Richard G. Andrews*
                                               United States District Judge